United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANNY ADAMS,
Plaintiff,
v.
SANTA RITA JAIL, et al.,
Defendants.

Case No. 25-cv-09928-EKL

**ORDER SCREENING COMPLAINT, DEFERRING DISMISSAL, AND *SUA SPONTE* GRANTING LIMITED DISCOVERY**

Plaintiff Danny Adams, a *pro se* state detainee, filed this civil rights action under 42 U.S.C. § 1983, challenging medical care he received while he was housed in Santa Rita Jail in Alameda County. ECF No. 1. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A(a). Based on the following reasons, the Court DEFERS DISMISSAL of the complaint and *sua sponte* GRANTS limited discovery in this matter.

## I. LEGAL STANDARDS

### A. Standard of Review

Federal courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity, or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1)-(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed

factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### B. Section 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Liability may be imposed on an individual defendant under Section 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of Section 1983 if he does an affirmative act, participates in another's affirmative act, or fails to perform an act that he is legally required to do, causing the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633.

## II. PLAINTIFF'S ALLEGATIONS

In his complaint, Adams alleges that sometime in 2025, while he was housed at Santa Rita Jail, he received a biopsy on his shoulder at an unspecified medical facility. *See* ECF No. 1 at 2. After he was transferred back to Santa Rita Jail, Adams began feeling "extrem[e]ly sick," leading him to believe that the wound was infected. *Id.* Adams reportedly told nurses about the issue, and eventually the biopsy wound "spread" and Adams "felt like [he] was gonna die." *Id.* Although Adams repeatedly complained about the issue, Santa Rita Jail staff refused to refer Adams to an outside facility that could handle the medical issue. *Id.* The issue worsened until Santa Rita Jail

staff had to send Adams to the emergency room, where Adams states he nearly died. *Id.* at 2-3. Adams seeks monetary damages. *Id.* at 4.

## III. ANALYSIS

For claims of deliberate indifference to a prisoner's medical needs, the applicable constitutional standard depends on whether the plaintiff has been convicted of a crime at the time of the challenged conduct. *See Castro v. Cnty. Of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016). Here, it is not clear from Adams' filings whether he was a pretrial detainee or had been convicted at the time of the alleged incident. If the incident occurred while he was a pretrial detainee, his claim arises under the Fourteenth Amendment's due process clause. If Adams was serving a criminal sentence at the time of the incident, his claim arises under the Eighth Amendment's cruel and unusual punishment clause.

Under the Fourteenth Amendment, a pretrial detainee seeking to bring a medical care claim against a defendant must demonstrate:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved – making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). Similarly, to state a claim for deliberate indifference under the Eighth Amendment, an incarcerated person must show (1) a "serious medical need," and (2) that the prison official acted or failed to act in a way "sufficiently harmful to evidence deliberate indifference." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992). Liberally construed, Adams' allegation – that Santa Rita Jail staff failed to provide adequate medical care for Adams' wound and did not act until Adams' infection became so severe that he nearly died – states a cognizable claim that jail staff were deliberately indifferent to his medical needs under either standard.

However, Adams does not identify proper defendants – such as the medical professionals who refused to provide proper medical care or refer him to an outside facility, or any specific

individuals who were aware of his medical condition – for his claims. To the extent that he names as defendants Santa Rita Jail, Alameda County Sheriff John or Jane Doe, Santa Rita Medical, Santa Rita Jail Facility Commander John Doe, and "[a]ny medical Johns or Janes Doe to be determined," Adams' allegations do not (1) attribute any actions to the Alameda County Sheriff or any specific Doe defendant, (2) state a claim for liability against the county entities, or (3) identify specific individuals who were responsible for Adams' medical care at the time of the incident. *See Lemire*, 726 F.3d at 1074 (plaintiff must show the defendant's actions caused his or her injury); *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978) (noting that government entities are not typically subject to liability under 42 U.S.C. § 1983; however, they may be held liable where the entity's official policy or custom causes a constitutional tort). Adams therefore fails to state a claim against any of the defendants listed in his complaint.

Typically, such deficiencies would result in the dismissal of a complaint. However, in recognition of the seriousness of Adams' claims and his incarceration in another correctional facility, and to promote a just and speedy determination of the case, the undersigned will defer dismissal of the complaint and allow Adams to conduct early discovery to obtain the Doe defendants' names. *See* Fed. R. Civ. P. 1; *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013) ("If the identity of any defendant is unknown, 'the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'") (citation modified).

District courts have authority under Federal Rule of Civil Procedure 26(d)(1) to permit early discovery upon a showing of good cause. *See Malibu Media, LLC v. Doe*, 319 F.R.D. 299, 302 (E.D. Cal. 2016) (citing *In re Countrywide Fin. Corp. Derivative Litig.*, 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008)). "Good cause exists where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* Moreover, the Ninth Circuit has also generally allowed *pro se* plaintiffs in prisoner actions to conduct limited, early discovery when doing so would allow them to identify Doe defendants and facilitate service of the complaint. *See, e.g., Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th

Cir. 1999); *Young v. Transportation Deputy Sheriff I*, 340 Fed. App'x 368, 369 (9th Cir. 2009). As noted, good cause exists here to allow Adams to propound discovery on the Alameda County Sheriff's Office regarding the identities of the Doe defendants. *See Wakefield*, 177 F.3d at 1163 (plaintiff must be given an opportunity to uncover identities of Doe defendants unless doing so would be futile or the complaint would be dismissed on other grounds). The Court therefore grants Adams **90 days** to conduct limited discovery regarding the identities of the Doe defendants named in his complaint, including any nurses, doctors, or other jail staff who evaluated Adams, were aware of Adams' worsening medical condition, or denied his requests for additional medical care prior to his hospitalization. Adams is cautioned that the Court's order extends only to discovery regarding the identities of the Doe defendants, and not to any issues outside this scope.

## IV. CONCLUSION

Accordingly, the Court orders as follows:

1. The Court *sua sponte* GRANTS limited discovery for purposes of seeking the names of Doe defendants. No further court order is necessary before the parties may engage in discovery for this purpose. Discovery for this purpose will remain open for 90 days.
2. To facilitate discovery, the Court ORDERS SERVICE of the Alameda County Sheriff's Office for the limited purpose of responding to Adams' discovery requests regarding the identities of the Doe defendants.
    a. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, the Waiver of Service of Summons, a copy of the complaint (ECF No. 1), and a copy of this order to the Alameda County Sheriff's Office.
    b. The Clerk shall mail a courtesy copy of the complaint and a copy of this order to Alameda County Counsel.
    c. The Clerk shall also mail a copy of this Order to Adams.
3. Adams is granted LEAVE TO AMEND his complaint to provide the names of the Doe defendants and explain their respective actions in connection with this incident

within **28 days** of the close of discovery. Adams must write the case number for this action and the words "Amended Complaint" on the first page of his amended complaint. Because the amended complaint completely replaces the original complaint, Adams must include in it all the claims he wishes to present, as well as all defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992). He may not incorporate material from the original complaint by reference. Failure to file an amended complaint by the deadline will result in dismissal of this lawsuit without prejudice.

4. It is Adams' responsibility to prosecute this case. Adams must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). Failure to do so may result in the dismissal of this action.

5. The Clerk is requested to send Adams a blank prisoner civil rights form with his copy of this order.

**IT IS SO ORDERED.**

Dated: July 17, 2026



Eumi K. Lee
United States District Judge